UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BRADY MEYER,                                    Case No. 13-CV-3197 (PJS/LIB)

        Plaintiff,

v.                                                                      ORDER

INTERSTATE IMPROVEMENT, INC.,
STEVEN KNISH, and PATRICIA KNISH,

        Defendants.

---

Andrew D. Parker and Anthony G. Edwards, PARKER ROSEN, LLC, for plaintiff.

Theodore V. Roberts and Kyle E. Hart, FABYANSKE, WESTRA, HART & THOMSEN, P.A., for defendants Interstate Improvement, Inc. and Patricia Knish.

Adam S. Huhta, HUHTA LAW FIRM, PLLC; Kyle E. Hart, FABYANSKE, WESTRA, HART & THOMSEN, P.A., for defendant Steven Knish.

This matter is before the Court on defendants' motion to dismiss Counts III and IV of plaintiff's complaint. For the reasons described below, the motion is granted.

Plaintiff Brady Meyer is a former employee of defendant Interstate Improvement, Inc. ("Interstate"), which is owned by defendants Steven and Patricia Knish. According to Meyer's complaint, Meyer is an experienced and skilled professional in the field of diamond grinding, which is a pavement-preservation technique. In 2005, the Knishes offered Meyer a position at Interstate running a new diamond-grinding division for the company. The Knishes promised Meyer that if he made the new division a success, the Knishes would give him a 25 percent ownership interest in Interstate. Over the next seven years, Meyer built Interstate into the most successful diamond-grinding firm in the United States. But, according to the complaint,

"Defendants . . . entirely failed to provide Mr. Meyer his promised 25% ownership interest in

Interstate . . . ."  Compl. ¶ 31.  Instead, Steven Knish terminated Meyer without cause in

December 2012.

Based on these allegations, Meyer brings numerous claims, including claims for breach of

contract, promissory estoppel, fraud, unjust enrichment, and unpaid wages.  Meyer also brings

claims under Minn. Stat. § 302A.751, subds. 1(b)(2) and 1(b)(3), which grant certain rights to

"shareholders" of a closely held corporation who are harmed by the fraudulent, illegal, or unfair

conduct of "the directors or those in control of the corporation . . . ."  Defendants move to

dismiss the § 302A.751 claims on the ground that Meyer has not plausibly alleged that he is a

"shareholder" as defined by Minn. Stat. § 302A.011, subd. 29.  That provision defines a

shareholder as "a person registered on the books or records of a corporation or its transfer agent

or registrar as the owner of whole or fractional shares of the corporation."

The Court agrees with defendants.  The statute defines "shareholder" very specifically

and very clearly as a person who is "registered on the books or records of a corporation . . . as the

owner of whole or fractional shares of the corporation."  Nowhere in Meyer's complaint does he

allege (even in the alternative) that he is "registered on the books" of Interstate as the owner of

shares of Interstate, nor does Meyer allege any facts that would support such a claim.  To the

contrary, the gravamen of Meyer's complaint is that the Knishes broke their promise to allow

him to own shares of Interstate.  The brief submitted by Meyer in opposition to defendants'

motion is consistent with his complaint.  Nowhere in that brief does Meyer allege that he has

ever been "registered on the books" of Interstate as an owner of the company's shares.  Indeed,

the thrust of his brief is that he should be allowed to pursue his claims under Minn. Stat.

§ 302A.751 even though he is *not* "registered on the books" of Interstate as a shareholder.

Meyer is correct that no opinion of the Minnesota Supreme Court or the Minnesota Court

of Appeals has "explicitly interpret[ed] the . . . definition of shareholder" in Minn. Stat.

§ 302A.011, subd. 29.  ECF No. 15 at 7.  Sometimes, however, the most obvious explanation for

why no judicial decision has "explicitly interpret[ed]" a statutory provision is that the provision

is so clear that it does not need "interpreting."  That appears to be the case with Minn. Stat.

§ 302A.011, subd. 29.  The Minnesota Legislature quite clearly defined "shareholder" not as

someone who has the *right* to own shares in a corporation, and not even as someone who *owns*

shares in a corporation, but only as someone who is *registered on the corporation's books* as a

shareholder.  Meyer repeatedly alleges that he has the right to own shares in Interstate — and he

even alleges in the alternative that he is "a minority shareholder . . . of Interstate," Complaint

¶¶ 46, 50 — but he never alleges that he is registered on the corporation's books as a shareholder,

and thus he never alleges that he is a "shareholder" for purposes of Minn. Stat. § 302A.751.

Meyer relies on various decisions addressing whether a person is considered to be a

shareholder of a corporation under the common law of Minnesota or Delaware.  *See, e.g.*,

*Whitney v. Guys, Inc.*, 700 F.3d 1118, 1130 (8th Cir. 2012).  But the question of who is a

shareholder under the common law is distinct from the question of who is a shareholder for

purposes of Minn. Stat. § 302A.751.  None of the cases cited by Meyer addresses the latter

question — and, as best as the Court can tell, every opinion of the Minnesota Supreme Court and

the Minnesota Court of Appeals discussing a "shareholder" under § 302A.751 is consistent with

the statutory definition.  *See, e.g.*, *Drewitz v. Motorwerks, Inc.*, 728 N.W.2d 231, 236 (Minn.

2007) (suggesting that the remedy under § 302A.751, subd. 1(b)(2) "would be unavailable to a terminated employee if his shareholder status was deemed to end automatically when employment ended"); *Gerring v. Quality Car Wash Operations, Ltd.*, No. A05-2000, 2006 WL 1891919, at *1 (Minn. Ct. App. July 11, 2006) ("Only legally recognized shareholders can maintain an action under the Minnesota Business Corporation Act.").

In sum, Meyer cannot seek relief under Minn. Stat. § 302A.751, subds. 1(b)(2) and 1(b)(3), unless he is a "shareholder" of Interstate, and Meyer is not a "shareholder" of Interstate for purposes of Minn. Stat. § 302A.751, subds. 1(b)(2) and 1(b)(3), unless he is "registered on the books or records of [Interstate] . . . as the owner of whole or fractional shares of the corporation." Minn. Stat. § 302A.011, subd. 29. Because Meyer's complaint does not allege that he is so "registered" — and because Meyer's complaint does not allege facts that, if true, would permit a jury to find that he is so "registered" — Counts III and IV of the complaint must be dismissed. The Court will dismiss the claims without prejudice, however, so that, in the unlikely event that Meyer learns in discovery that he is registered as the owner of shares of Interstate, he may move to amend his complaint to add claims under Minn. Stat. § 302A.751, subds. 1(b)(2) and 1(b)(3).

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' motion to dismiss Counts III and IV [ECF No. 10] is GRANTED and Counts III and IV of the complaint are DISMISSED WITHOUT PREJUDICE.

Dated: February 19, 2014                         s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge